E-Filed: **3/10/2009**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAREN DENISE CHADES, | ) | NO. ED CV 07-1668 GHK (FMO) |
| Petitioner, | ) | |
| v. | ) | **ORDER ADOPTING FINDINGS,** |
| | ) | **CONCLUSIONS AND RECOMMENDATIONS** |
| MARY LATTIMORE, Warden, | ) | **OF UNITED STATES MAGISTRATE JUDGE** |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION

On December 20, 2007, Karen Denise Chades ("petitioner"), a California state prisoner proceeding with counsel, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. On February 4, 2008, petitioner filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("FAP") pursuant to 28 U.S.C. § 2254. On May 21, 2008, petitioner filed a Memorandum of Points and Authorities in Support of the FAP ("Memo"). On June 19, 2008, respondent filed an Answer to the FAP ("Return"). On November 23, 2008, petitioner filed a Reply to the Return ("Reply").

On December 29, 2008, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the FAP be denied and the action dismissed with prejudice. Thereafter, on January 11, 2009, petitioner filed Objections to the R&R ("Objections").

/ / /

**DISCUSSION**

In her Objections, petitioner contends that the Magistrate Judge failed to consider her request for an evidentiary hearing on her ineffective assistance of counsel and conflict of interest claims.[1]  (See Objections at 1-3).  She argues that in "an evidentiary hearing in this matter, [her] counsel would have the chance, after sending out subpoenas, to elicit evidence from previous defense counsel and any other witnesses, the Court permitting, who could provide critical facts on whether defense counsel could have, for example, mitigated this case in terms of second degree murder or manslaughter."  (Id. at 3).

A habeas petitioner is entitled to an evidentiary hearing on a claim only if: (1) the petitioner's allegations, if proved, would entitle her to relief; and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts.  Williams v. Calderon, 52 F.3d 1465, 1484 (9th Cir. 1995), cert. denied, 516 U.S. 1124, 116 S.Ct. 937 (1996).  Whether to grant or deny a request for an evidentiary hearing is within the discretion of the court.  Karis v. Calderon, 283 F.3d 1117, 1126 (9th Cir. 2002), cert. denied, 539 U.S. 958, 123 S.Ct. 2637 (2003).

Here, petitioner has not established that her allegations of ineffective assistance of counsel, even if proved, would entitle her to relief.  See Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998), cert. denied, 526 U.S. 1123, 119 S.Ct. 1777 (1999) (habeas petitioner was not entitled to evidentiary hearing on his claims of ineffective assistance of counsel where petitioner failed to allege specific facts that, if true, would have entitled him to relief on claims).  Even assuming an evidentiary hearing would establish that counsel's performance was unreasonable, petitioner has not demonstrated prejudice.  See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984). (Petitioner must show a reasonable probability that, but for her trial counsel's errors, the result of the proceeding would have been different.).  As the Magistrate Judge concluded, "petitioner does not explain how additional trial preparations would have altered the trial."  (R&R at 26).  First, she does not explain how her testimony would have been different had trial counsel

---

[1]   Petitioner also summarily objects to Ground Two.  (See Objections at 3-4).  However, petitioner merely asserts the same arguments in her Memo and Reply, (compare id. with Memo at 26-29 and Reply at 4-6), which were thoroughly addressed in the R&R.  (See R&R at 15-17).

prepared her to testify or how it would have changed the verdict. (<u>Id.</u>).  Second, she provides no evidence that she suffers from either battered women's syndrome or post-traumatic stress disorder. (<u>Id.</u> at 26-27).  Third, even if trial counsel should have introduced evidence of the victim's prior misconduct, petitioner does not demonstrate how such evidence would have undermined the overwhelming evidence that she murdered him with premeditation and deliberation. (<u>Id.</u> at 27-28). Finally, given that petitioner voluntarily left the party with the victim and was seen dancing with him prior to the murder, the jury would have likely disregarded a defense theory that petitioner feared the victim because of his prior acts of misconduct.  (<u>Id.</u> at 28).

In sum, even assuming that an evidentiary hearing would have established deficient performance by trial counsel, petitioner has not shown a reasonable probability that, but for her counsel's errors, the results of her trial would have been different.[2]  See <u>Strickland</u>, 466 U.S. at 691, 104 S.Ct. at 2066 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.").

## <u>CONCLUSION</u>

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation.  The Court has made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed.  The Court concurs with and adopts the findings and conclusions of the Magistrate Judge.  Accordingly, IT IS ORDERED THAT:

1.    Judgment shall be entered dismissing the action with prejudice.

/ / /

/ / /

2.    The Clerk shall serve copies of this Order and the Judgment herein on the parties.

---

[2]    While petitioner summarily states that an evidentiary hearing would support her conflict of interest claim, (<u>see</u> Objections at 1), she provides no evidence of an <u>actual</u> conflict.  (<u>See</u>, <u>generally</u>, <u>id.</u> at 1-3; <u>see also</u> R&R at 28-30).

DATED: _____ 3/10 , 2009.

                         GEORGE H. KING
              UNITED STATES DISTRICT JUDGE